**The Memorandum Decision and Order below is hereby signed.**
**Dated: October 28, 2008.**

_S. Martin Teel, Jr._
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DERRICK SHAWN BRIGGS, | ) | Case No. 08-00298 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| COMMISSION EXPRESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 08-10022 |
| DERRICK SHAWN BRIGGS, | ) | |
| | ) | Not for Publication in |
| Defendant. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE MOTION FOR DEFAULT JUDGMENT

This addresses the plaintiff's motion pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure for the entry of default and the entry of a default judgment against the defendant. Proper service of the Complaint and the Summons were made on the defendant, and the defendant has not filed an answer, a motion, or other responsive paper within the time allowed. The plaintiff gave proper notice of the motion. The complaint sets forth a sufficient basis for declaring the debt to the plaintiff

to be nondischargeable on at least one of the bases alleged.  The amount recoverable should be susceptible of proof via affidavits.  The plaintiff has not alleged that the defendant failed to appear in even some informal fashion such as not to be entitled under Fed. R. Civ. P. 5(a) and 55(b) to notice of such affidavits or, if it becomes necessary, an evidentiary hearing to fix damages.  See H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691-92 (D.C. Cir. 1970).  Where a defendant has appeared at least informally such that he has, pursuant to H.F. Livermore Corp., appeared for purposes of being entitled to notice of the motion for default judgment, it would appear that the fixing of damages cannot be entirely ex parte.  See In re Fraidin, 34 Fed. Appx. 932 (4th Cir. 2002) (defendant who had liability determined against him by way of default judgment for discovery abuses nevertheless was entitled to notice of damages hearing); 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed. 2008) ("When [a] defendant contests the amount of the claim, a full hearing may be required on the issue of damages, since a default does not concede the amount demanded." (footnote omitted)).  Rule 55(b) itself does not use the term ex parte.  Accordingly, it is

    ORDERED that the plaintiff shall have a judgment by default against the defendant declaring the debt to the plaintiff to be nondischargeable under 11 U.S.C. § 523(a), and fixing the amount

of the debt.  It is further

    ORDERED that the plaintiff may file affidavit(s) that it represents establish the amount of the debt, and the defendant shall file any opposition to the plaintiff's affidavit(s) within 14 days of filing of the affidavit(s).  It is further

    ORDERED that if the court does not decide the matter on affidavit(s), an evidentiary hearing on damages will be held on December 3, 2008, at 9:30 a.m.

    [Signed and dated above.]

Copies to: All counsel of record; debtor; debtor's counsel of record in the main case.